UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| LIDIA CISNEROS, | ) | 1:10-cv-2357 GSA |
| | ) | |
| Plaintiff, | ) | ORDER DISMISSING CASE FOR FAILURE |
| | ) | TO FOLLOW A COURT ORDER |
| v. | ) | |
| | ) | (Doc. No. 20) |
| COMMISSIONER OF SOCIAL SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |

On December 16, 2010, Lidia Cisneros, ("Plaintiff") filed the present action and seeks a review of the Commissioner's denial of her social security benefits. Plaintiff was previously represented by an attorney, however, the Court permitted counsel to withdraw on September 7, 2011. (Doc. 18). On that same day, the Court issued an amended scheduling order advising Plaintiff that the opening brief was due no later than November 5, 2011. (Doc. 19). Plaintiff was cautioned that failure to file the opening brief as ordered would result in dismissal of this action. Plaintiff did not file her opening brief as directed.

On November 8, 2011, this Court issued an Order to Show Cause Why the Case Should Not Be Dismissed due to Plaintiff's non-compliance with this Court's order. Plaintiff was advised that

1  she needed to respond to the Order to Show Cause within twenty (20) days. Over twenty (20) days
2  have passed, and Plaintiff has not responded to the Order to Show Cause.

## DISCUSSION

Local Rule 11-110 provides that "a failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court."  District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case."  Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules.  See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprized of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).  In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. Ghazali, 46 F.3d at 53; Ferdik, 963 F.2d at 1260-61; Malone, 833 F.2d at 130; Thompson, 782 F.2d at 831; Henderson, 779 F.2d at 1423-24.

In the instant case, the Court finds that the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal because this case has been pending in this Court since December 16, 2010, and it does not appear that Plaintiff is going to file an opening brief. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from any unreasonable delay in prosecuting an

1  action. Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor, public policy
2  favoring disposition of cases on their merits, is greatly outweighed by the factors in favor of
3  dismissal. Finally, a court's warning to a party that his failure to obey the court's order will result in
4  dismissal satisfies the "consideration of alternatives" requirement. Ferdik, 963 F.2d at 1262;
5  Malone, 833 at 132-33; Henderson, 779 F.2d at 1424. The Court's order to Show Cause clearly
6  stated that the case would be dismissed if Plaintiff failed to respond to the Order to Show Cause.

**ORDER**

8   Accordingly, this Court orders that this action be DISMISSED for Plaintiff's failure to
9  comply with a court order. The Clerk of the Court is directed to close this action. This action
10 terminates this case in its entirety.

12  IT IS SO ORDERED.

13  Dated:   **December 8, 2011**            /s/ **Gary S. Austin**
                                       UNITED STATES MAGISTRATE JUDGE